## Township of Hickory v. Chadderton

*Donald R. McKay*, for appellant.

*James A. Stranahan*, 3rd, for respondent.

HENDERSON, P. J. (Fifty-third Judicial District, Specially Presiding), May 31, 1967. — This matter comes before the court on defendant's appeal from his conviction before a justice of the peace for violation of the Hickory Township Zoning Ordinance of 1965.

The prosecution alleged violation of section 47.22(c) of the zoning ordinance, which provides that the owner or lessee of an airport may have a maximum of one full-time employe, with his immediate family, living upon an airport property to act as guard or watchman thereon.

The testimony shows that defendant was notified by letter of June 24, 1965, that he was in violation of this section of the ordinance in that he had a total of three families living on his airport property, one living in a house thereon and the other two in trailers, which had been moved onto the premises some time prior thereto.

Defendant contests this conviction on the basis that the ordinance provisions in this regard are unconstitutional.

We find as a fact that Hickory Township in Mercer County, Pa., is a first class township of about 30 square miles and approximately 14,000 population. The zoning ordinance provides for nine differently zoned-type districts, one of which is the airport zoning district. Residential dwelling units are prohibited in industrial districts and in the airport district, which results in residences being permitted in about 85 percent of the township area. Provision is made for one airport district in the ordinance, this being the district owned by defendant and occupying about 47½ acres. Among the buildings located on the airport, there are a house and two trailers which are located in the extreme northeast portion of the premises. The airport manager and his family live in one of the trailers; a portion of the house is used for general administration and control purposes, and at the time of the notification of violation, two families, in addition to the airport manager and his family, lived on the premises.

The effective date of the ordinance in question is April 1, 1965. The effective date of the prior ordinance was September 14, 1957. The 1965 ordinance amended the 1957 ordinance by adding thereto subparagraph (c) of this section, which provides for an additional permitted use; that of one family being permitted to maintain a residence on the airport property. The purpose of the prohibition of residential dwelling units in the airport district is to maintain this district as an airport, which serves a vital need in the township. Also among the needs and purposes provided for by the zoning ordinance is the need to preserve the prime function of the property, to preserve the integrity of the district, to prevent a con-

gestion problem, and safety considerations. The trailers and the house are located approximately 700 feet to 800 feet from one end of the paved runway, but the glide path and traffic pattern of one of the sod runways is very much closer to them. Defendant resides at 100 Hazen Road, Sharpsville, Pa., has been in the airport business since 1937 and has operated at this location since 1945. Defendant has maintained a substantial air operation here and maintains hangars, repair shops and other buildings in addition to the three in question. The trailers previously mentioned were purchased by defendant and moved onto this property about January of 1959. These trailers are complete housing units. The airport operation is maintained on a 24-hour per day basis and provides radio service on a 24-hour basis.

We find that the house located on the premises and the two trailers in question are residential dwelling units as contemplated by the statute.

Defendant's position is that it has repeatedly been held that zoning ordinances interfere with free use of property and the restrictions imposed must be strictly construed: Sawdey Liquor License Case, 369 Pa. 19 (1951), and United Cerebral Palsy Association v. Zoning Board of Adjustment, 382 Pa. 67 (1955). In commenting on this in the recent case of Exton Quarries, Inc. v. Zoning Board of Adjustment, 425 Pa. 43 (1967), the Supreme Court, speaking through Mr. Justice Roberts, said:

". . . 'the rule that laws in derogation of the common law are to be strictly construed, shall have no application to the laws of this Commonwealth hereafter enacted' and that laws 'shall be liberally construed to effect their objects and to promote justice.' (Case cited). The zoning powers of second class townships in question here were granted by the Legislature

in 1947, . . . , and hence are to be liberally construed.

"The statement which this Court made in Eves v. Zoning Bd. of Adjustment, 401 Pa. 211, 215, 164 A.2d 7, 9 (1960) that: 'The authority of a municipality to enact zoning legislation must be strictly construed. Any fair reasonable doubt as to the existence of power is resolved by the courts against its existence in the corporation, and therefore denied.' Kline v. Harrisburg, 362 Pa. 438, 443, 68 A.2d 182 (1949) is, however, inconsistent with the Statutory Construction Act and hence, of necessity, not correct."

A challenge to the constitutionality of the zoning board ordinance must overcome the presumption of its validity. This is the burden which defendant faces in this case.

The Exton case cited above specifically holds that "zoning is a means by which a governmental body can plan for the future—it may not be used as a means to deny the future" and also that the courts must determine "the reasonableness of the regulation as it applies to conditions now existent".

Applying this test to the facts of the case at bar, we must determine whether the zoning by the governmental body provides a proper future plan or will result in a denial of the future. This determination is to be made on the basis of the reasonableness of the particular regulation as it applies to present conditions. The question then specifically goes to the issue of the reasonableness of the prohibiting of residential dwelling units within the bounds of airport property.

In considering this question, the court takes into consideration the legislative policies as expressed in the Airport Zoning Act of April 17, 1945, P. L. 237, 2 PS §1550, et seq., even though the township has not passed a separate zoning ordinance under it. This act specifically provides in section 5(1) that if the

political subdivision has enacted a comprehensive zoning ordinance setting forth airport zoning regulations, then any provisions under the Airport Zoning Act shall be made a part of the comprehensive zoning regulations and be administered and enforced in conformity therewith. A reading of the Airport Zoning Act indicates that zoning to maintain the integrity of an airport and to regulate against impairing "the utility of the airport" is proper and necessary and that such may be accomplished by exercise of the police power. Even though the Airport Zoning Act appears to be primarily concerned with the elimination of airport hazards and maintenance of the safety requirements, we hold that its language is sufficiently specific as to set forth the policy of the legislature as it applies to the case at bar. It should also be noted in section 5(2) of the act, 2 PS §1554(2), that in providing for any conflict between regulations of the Airport Zoning Act and/or a comprehensive zoning act with respect to "the use of land, or any other matter, . . . the more stringent limitation or requirement shall govern and prevail".

Since it is the expressed legislative policy with regard to airport zoning to permit regulation against impairing "the utility of the airport", and since we hold that the purposes and aims of the Hickory Township zoning ordinance and the provision in question are in conformity with the expressed policy, in view of the legislative provision that as between two conflicting zoning provisions for airport properties as they concern "the use of land, or any other matter, . . . the more stringent limitation or requirement shall govern and prevail", and in view of the appellate court holding to the effect that this zoning ordinance must be liberally construed, we shall hold that neither the contested ordinance nor this particular provision thereof is unconstitutional, but rather that this is a

reasonable regulation by which the governmental body is properly planning for the future, in light of the conditions now existing.

We make note of the fact that residential dwelling units, with this one exception, are prohibited absolutely by the ordinance in airport zoned districts and industrially zoned districts. We find no cases on point on the question of the reasonableness of this exclusion for airport districts and only one lower court case in Pennsylvania on this prohibition as it relates to industrial districts, that being Logan v. Bickel, 11 D. & C. 2d 405 (1956), in which Judge Diggins holds that "a zoning ordinance which prohibits the erection of residences in an industrial district is reasonable and valid". He also states that "sound reasoning would indicate that such a prohibition is not only reasonable but necessary". This is apparently consistent with the holdings on this point in other jurisdictions, and we apply the same prohibition to the case at bar.

With the tremendous amount of recent growth in air travel, particularly in the field of general aviation, and the great impact which this has had and will continue to have upon all of the communities, we hold that it is of vital importance that those municipalities served by general aviation airports have a definite responsibility and duty to preserve the integrity of the airports and to prevent congestion at their airports as much as possible in order that the land set aside for this purpose may be utilized to the fullest extent for the prime function of the operation.

## CONCLUSIONS OF LAW

1. The Zoning Ordinance of Hickory Township, Mercer County, Pa., is presumptively valid and a challenge to its constitutionality must overcome this presumption.

2. A zoning ordinance providing for an airport district which prohibits therein the maintenance of more

than one residential family dwelling unit on the airport property is not an arbitrary and unreasonable intermeddling with private ownership of property, but does have a reasonable relationship to the public health, safety, morals or general welfare, and is a reasonable regulation.

3. The express legislative policy of the Commonwealth of Pennsylvania concerning zoning of an airport property is to encourage and require a safeguarding of the integrity, the utility, and the purposes of the airport in order that it might better fulfill its prime function.

4. It is constitutional and reasonable to prohibit residential dwelling units on airport properties.

5. This appeal should be dismissed.

ORDER OF COURT

Now, May 31, 1967, defendant is found guilty of violation of section 47.22 (c) of the Zoning Ordinance of Hickory Township, Mercer County, Pa., and is sentenced to pay the costs of prosecution and a fine of $50. Upon payment of the fine and costs, defendant's bond previously filed is directed to be returned to him.